Jian Yun YOU, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Board of Immigration Appeals, Respondents.

No. 06–1968–AG.

United States Court of Appeals, Second Circuit.

Dec. 1, 2006.

Henry Zhang, Zhang and Associates, New York, NY, for Petitioner.

Chuck Rosenberg, United States Attorney; Gerard J. Mene, Assistant United States Attorney, Alexandria, VA, for Respondents.

Present: JOSÉ A. CABRANES, ROSEMARY S. POOLER, ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

Petitioner Jian Yun You, a native and citizen of the People's Republic of China, seeks review of an April 11, 2006 order of the BIA denying his motion to reopen proceedings. *In re Jian Yun You,* No. A 73 590 835 (B.I.A. April 11, 2006). The BIA had previously issued a decision on March 31, 2003 affirming the September 6, 2001 decision of Immigration Judge ("IJ") Miriam K. Mills denying petitioner's application for asylum, withholding of removal,

and relief under the Convention Against Torture. *In re Jian Yun You,* No. A 73 590 835 (B.I.A. March 31, 2003), *aff'g* No. A 73 590 835 (Immig. Ct. N.Y. City Sept. 6, 2001). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Here, the BIA abused its discretion in denying You's motion to reopen. In finding the evidence submitted by Lin "unpersuasive" of changed circumstances in China, the BIA addressed only You's affidavit, the marriage and birth certificates, letters from relatives, and the affidavit from John Shields Aird. The BIA then took administrative notice of the 2005 Department of State Country Report on Human Rights in China, which it found did not indicate that there is a national policy with respect to foreign-born children or that couples undergo sterilization in Lin's home province. However, the BIA failed to address the two administrative decisions originating from Fujian province, which state that the reproduction of a second child by state or government employees while overseas "is in violation of family-planning regulations and does not fall into any waiver exception to family-planning enforcement." These decisions were not available at the time of the hearing. 8 C.F.R. § 1003.2(c)(3)(ii). In addition, these documents, combined with You's letters from relatives claiming to have undergone forced sterilization due to having two or more children, are material to You's claim that he feared the forced abortion of his second child or forced sterilization if his child is born, and he is returned to China. *Id.* Thus, the BIA's failure to consider them was an abuse of discretion. *See Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir. 2006) (finding that the BIA abused its discretion in failing to consider documents purporting to show that foreign-born children would be counted in determining violations of China's one-child policy).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.